Antonio Valla, Esq. (SBN 136256)
Stefano Abbasciano, Esq. (SBN 277680)
Lisa Parrish, Esq. (SBN 300499)
Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
Telephone: 415.856.9001
Fax: 415.856.9002

Attorneys for
Castel S.A. a joint stock company *(societe anonyme)*, a Luxembourg corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASTEL S.A., a joint stock company *(societe anonyme)*, a Luxembourg corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AURORA IMAGING TECHNOLOGY, INC., a Delaware corporation; and Does 1 through 10,<br><br>Defendants. | Case No.: 2:17-cv-04198<br><br>**COMPLAINT FOR:**<br><br>1. **Breach Of Written Contract**<br>2. **Account Stated**<br>3. **Quantum Meruit (against Aurora)**<br>4. **Declaratory Relief** |

Plaintiff CASTEL S.A., a joint stock company *(societe anonyme)*, a Luxembourg corporation ("PLAINTIFF"), complains of Defendants AURORA IMAGING TECHNOLOGY, INC., a Delaware corporation ("AURORA"), and DOES 1 through 10, inclusive, as follows:

-1-
_____
COMPLAINT

## PARTIES

1. PLAINTIFF, a joint stock company *(societe anonyme)*, is organized under the laws of the Grand Duchy of Luxembourg.

2. Upon information and belief, Defendant AURORA is a corporation formed under the laws of Delaware and has its principal business office at 818 West Seventh Street, Los Angeles, California 90017. AURORA is in the business of developing and manufacturing bilateral breast imaging.

3. PLAINTIFF is currently ignorant of the true names and capacities of Defendants DOES 1 through 10, and by reason thereof sues said Defendants by fictitious names. PLAINTIFF is informed and believes that Defendants DOES 1 through 10 are Defendants' agents, co-conspirators, and affiliates, who assisted and participated in Defendants' acts.

4. The Defendants referenced to in paragraphs 2 and 3 in the complaint may hereinafter be referred to, collectively, as DEFENDANTS.

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action pursuant to 28 USC § 1332(a) based on amount and diversity. The amount of the lawsuit exceeds $75,000. The locations of the parties' businesses are in Luxembourg and Massachusetts.

6. The venue in this District is based on 28 USC § 1391(c) and 28 USC § 1391(d) because AURORA is a corporation with its principal business office in California at 818 West Seventh Street, Los Angeles, California 90017.

## FACTUAL ALLEGATIONS

7. On or about March 14, 2011, AURORA signed a Secured Promissory Note with terms and conditions that were agreed to by both PLAINTIFF and AURORA, regarding a loan worth $250,0000. A copy of the Promissory Note is attached hereto as **Exhibit "A"** and incorporated herein by reference. The specific terms of the Promissory Note stated that PLAINTIFF was to loan DEFENDANTS $250,000, which was to be paid back within ten (10) business days after PLAINTIFF's written demand date with an interest rate of eight percent (8%) per annum from March 14, 2011; provided however, from and after the occurrence of an Event of Default, interest on the outstanding balance of the Note accrues at the rate of twelve percent (12%) per annum.

8. PLAINTIFF demanded, in writing, the entire principal amount of the Secured Promissory Note, $250,000, plus all accrued and unpaid interest as provided by the Secured Promissory Note be returned.

9. DEFENDANTS have not paid back any of the loan, including any interest accrued on the loan.

//

//

## FIRST CAUSE OF ACTION

### (Breach of Contract against all Defendants)

10. PLAINTIFF realleges and incorporates herein by this reference paragraphs 1 through 9 inclusive, as though set forth here in full.

11. PLAINTIFF states that on March 14, 2011, a written agreement for a Secured Promissory Note was made between all named parties.

12. DEFENDANTS breached the Secured Promissory Note by failing to make payments within ten (10) business days of the Holder's written demand thereof as stated in the Secured Promissory Note.

13. PLAINTIFF has performed all of conditions, covenants and promises required of it in accordance with the terms and conditions of the Secured Promissory Note, except those conditions, covenants and promises, the performance of which was excused by DEFENDANTS' conduct.

14. PLAINTIFF has suffered damages by DEFENDANTS' breach of the Secured Promissory Note in the sum of $250,000 plus interest, as stated in the Secured Promissory Note from March 14, 2011 through the date of Judgment.

## SECOND CAUSE OF ACTION

### (Account Stated Against All Defendants)

15. PLAINTIFF realleges and incorporates herein by this reference paragraphs 1 through 9, inclusive, as though set forth here in full.

16. On or about April 3, 2014, DEFENDANTS stated an account confirming the amount of $312,451.71 owed to PLAINTIFF in principal and interest under the Secured Promissory Note. A copy of the Account Stated is attached hereto as **Exhibit "B"** and incorporated by reference.

17. Additionally, in the course of DEFENDANTS' statement of the account owed to PLAINTIFF, DEFENDANTS admitted to the accrual of interest on the loan.

18. PLAINTIFF has performed all conditions, covenants, and promises required of it in accordance with the terms and conditions of the Secured Promissory Note, except those conditions, covenants and promises the performance of which was excused by DEFENDATS' conduct.

19. PLAINTIFF demanded the balance of the account, plus interest, be repaid according to the terms of the Secured Promissory Note.

20. DEFENDANT failed to pay PLAINTIFF any and all amount owed under this account, including interest.

21. As a direct and proximate result of DEFENDANTS failure to repay PLAINTIFF for their loan and accrued interest, PLAINTIFF has suffered damages in an amount to be proven at trial.

//

//

//

# THIRD CAUSE OF ACTION

### (Quantum Meruit against Aurora)

22. PLAINTIFF realleges and incorporates herein by this reference paragraphs 1 through 9 inclusive, as though set forth here in full.

23. On or about March 14, 2011, PLAINTIFF loaned AURORA $250,000 under a Secured Promissory Note.

24. On or about March 14, 2011 AURORA agreed to pay PLAINTIFF interest at a rate of eight percent (8%) per annum from March 14, 2011; provided however, from and after the occurrence of an Event of Default, interest on the outstanding balance of the Note accrues at the rate of twelve percent (12%) per annum.

25. AURORA received sums of $250,000, loaned by PLAINTIFF in connection with the Secured Promissory Note.

26. Despite having demanded payments, AURORA has not repaid PLAINTIFF on its loan and interest, the value of which PLAINTIFF will prove at trial. Such amount is presently due and owed to PLAINTIFF.

# FOURTH CAUSE OF ACTION

### (Declaratory Relief against All Defendants)

27. PLAINTIFF realleges and incorporates herein by this reference paragraphs 1 through 9, inclusive, as though set forth here in full.

28. PLAINTIFF contends that it is entitled to the repayment of the loan for $250,000 and any and all interest accrued according to the terms of the Secured Promissory Note.

29. Accordingly, an actual controversy has arisen and now exists between PLAINTIFF and DEFENDANTS regarding debt owed by DEFENDANTS to PLAINTIFF.

30. PLAINTIFF desires a judicial determination of its rights and duties, and a declaration that defendants, and each of them, are obligated to pay PLAINTIFF the outstanding loan and interest according to the Secured Promissory Note.

31. A judicial declaration is therefore necessary and appropriate at this time and under the circumstances, in order to determine PLAINTIFF'S rights and DEFENDANTS' obligations under the Secured Promissory Note.

**PRAYER**

Therefore, PLAINTIFF demands that judgment be entered against DEFENDANTS as follows:

1. Judgment against DEFENDANTS for the sum of $250,000, the unpaid balance of the loan;

2. For interest at the rate of 8% per annum from March 14, 2011; and 12% per annum from and after the occurrence of DEFENDANTS' default on the loan until Judgment;

3. For interest in the statutory amount;

4. For costs of suit incurred herein;

5. For attorneys' fees incurred in prosecuting this proceeding;

6. For an order declaring that DEFENDANTS are obligated to pay PLAINTIFF the outstanding balance of the loan and any and all interest accrued on the loan;

7. For any other relief that the Court may deem just and proper.

DATED: June 6, 2017            Valla & Associates, Inc., P.C.

By: _____
Lisa Parrish, Esq.
Attorneys for Plaintiff
CASTEL S.A. a joint stock company
*(societe anonyme)*, a Luxembourg corporation

-8-